IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**DOUGLAS DALE**,

      Petitioner,

v.                                   Civil Action No. 5:10cv87
                                      (Judge Stamp)

**JOEL ZIEGLER, Warden,**

      Respondent.

## REPORT AND RECOMMENDATION

### I. Procedural Background

The *pro se* petitioner initiated this case on August 24, 2010, by filing a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 in the Southern District of West Virginia. (Doc. 1). Because the petitioner is incarcerated in FCI Morgantown, the case was transferred to this Court on August 26, 2010. (Doc. 7). The petitioner paid the required $5.00 filing fee on September 9, 2010. (Doc. 16). Pursuant to 18 U.S.C. §§ 3621 and 3624, the petitioner challenges the Bureau of Prisons' ["BOP"] decision to place him in a Residential Release Center ["RRC"] for less than the maximum allowable twelve months. On September 14, 2010, the undersigned made a preliminary review of the file, determined that summary dismissal was not warranted, and directed the respondent to file an answer to the petition. (Doc. 17). The respondent filed a Motion to Dismiss or for Summary Judgment and a Response to the Show Cause Order on November 10, 2010. (Doc. 30). Because the petitioner is proceeding *pro se*, the Court issued a Roseboro Notice on November 12, 2010. (Doc. 34). On November 19, 2010, the petitioner filed a response. (Doc. 40).

1

## II. Factual Background

The petitioner is currently incarcerated at the Federal Correctional Institution in Morgantown, West Virginia ("FCI Morgantown"). He is serving a 21 month sentence imposed by the United States District Court for the Northern District of Ohio. (Doc. 31-7, p. 2). The petitioner's projected release date is May 10, 2011. (Doc. 31-7, p. 1). He has been recommended for placement in a RRC for the last 90-120 days of his incarceration. (Doc. 31-10).

## III. Issues Presented

In his petition, the petitioner asserts that the respondent exceeded his authority by using non-statutory factors to determine his RRC placement and failing to consider each of the five factors under 18 U.S.C. § 18 U.S.C. § 3621(b)(1)-(5) in determining his RRC placement. In addition, the petitioner asserts that the BOP's failure to recommend him for the a full 12-months placement in the RRC after completing the non-residential Drug Addiction Program ("DAP") rises to disparate treatment of constitutional magnitude. Finally, the petitioner alleges that the BOP's failure to address his informal and administrative requests to participate in an incentive based skills development program deprived him of an opportunity to be considered for maximum placement in an RRC.

In response to the petition, the respondent first argues that this Court lacks subject matter jurisdiction because the petitioner is challenging the conditions of his confinement, not the fact or duration of his confinement. In addition, the respondent argues that the BOP's determination regarding the duration of the petitioner's RRC placement is not subject to judicial review because it is discretionary in nature. Moreover, the respondent alleges that the petitioner has not

demonstrated that the RRC recommendation was arbitrary or capricious. Finally, the respondent argues that the petition should be dismissed as moot, because the petitioner has received the only relief to which he is entitled - consideration of his RRC placement in accordance with the factors delineated in 18 U.S.C. § 3621(b).

In his reply, the petitioner argues that this his request for a writ of habeas corpus is proper in this matter. In addition, the petitioner argues that although the five factor review is no longer relevant because he has completed the DAP program, the respondent's use of non statutory factors in making his RRC decision was contrary to law. In addition, the petitioner reiterates his argument that the respondent's failure to reply to his request to be enrolled in an RRC rewards incentive based skills development program deprived him of a fundamental right. Finally, the petitioner argues that the petition is not moot because the Court still has the authority to order the respondent to increase his RRC placement time.

### IV. Standard or Review

#### A. Motion to Dismiss

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir.1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir.1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley, 355 U.S. at 45-46. In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Conley, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," id. (citations omitted), to one that is "plausible on its face," id. at 570, rather than merely "conceivable." Id. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I.DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir.2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir.2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir.2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in Ashcroft v. Iqbal, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.

The Supreme Court has recognized the appropriateness of Rule 56 summary judgment motions in habeas cases. See Blackledge v. Allison, 431 U.S. 63, 80 91977). So too, has the Fourth Circuit Court of Appeals. Maynard v. Dixon, 943 F.2d 407 (4th Cir. 1991). Pursuant to Rule 56c of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

**B. Motion for Summary Judgment**

Motions for summary judgment impose a difficult standard on the moving party; for it must be obvious that no rational trier of fact could find for the nonmoving party. Miller v. Federal Deposit Ins. Corp., 906 F.2d 972, 974 (4th Cir. 1990). However, the "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242-252 (1986). To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." Id. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987). Such evidence must consist of facts which are material, meaning that they create fair doubt rather than encourage mere speculation. Anderson, 477 U.S. at 248. It is well recognized that any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Industrial Co. V. Zenith Radio Corp., 475 U.S. 574, 587-88 1986).

## V. The Second Chance Act

On April 9, 2008, the Second Chance Act of 2007, Pub.L.No. 110-99, was enacted. It amended 18 U.S.C. § 3624 and provides that the Director of the BOP shall "ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months) under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." See 18 U.S.C. § 3624(c)(1). The statute provides that those conditions may include confinement in a community correctional facility/community corrections center/residential re-entry center, all of which are commonly known as a "half-way house." The statute provides that the decision to confine a prisoner in a "half-way" house shall be made on an individual basis and shall be made in light of several factors, most of which are identified in 18 U.S.C. 3621(b). See Miller v. Whitehead, 527 F.3d 752 (8th Cir. 2008) [BOP may consider factors in addition to those identified in 3621(b)]. The factors identified in 18 U.S.C. 3621(b) are as follows:

> (1) the resources of the facility contemplated;
>
> (2) the nature and circumstances of the offense;
>
> (3) the history and characteristics of the prisoner;
>
> (4) any statement by the court that imposed the sentence-(A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or (B) recommending a type of penal or correctional facility as appropriate; and
>
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28."

## VI. ANALYSIS

**A. Jurisdiction**

The respondent argues that the petitioner is not entitled to any relief under § 2241 because he is not challenging the legality of his custody and does not seek the immediate or speedier release from imprisonment. Rather, he is challenging the conditions of confinement, and these are not claims which can be brought in a habeas corpus petition. See Preiser v. Rodriguez, 411 U.S. 475, 499-500 (federal habeas relief extends to prisoners challenging the fact or duration of imprisonment and § 1983[1] actions apply to inmates making constitutional challenges to conditions of confinement). See also Lee v. Winston, 717 F.2d 888 (4th Cir. 1983). The respondent notes that this Court declined to exercise jurisdiction over a 28 U.S.C. § 2241 case where an inmate challenged the conditions of his confinement based on a Bureau error and concluded that "habeas petitions are only appropriate where 'success in [the] action would necessarily demonstrate the invalidity of confinement or its duration.'" Pinkney v. Department of Justice, 2009 WL 277551, 2 (N.D.W.Va. 2009), citing Wilkinson v. Dotson, 544 U.S. 74, 82 (2005). The respondent also cites to Ryan v. Cross, wherein this Court refused to grant jurisdiction when an inmate sought a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 alleging that she was being held in a high security institution because the Bureau improperly classified her as a sex offender. 2009 WL 1390818, 3, Slip OP., (N.D.W.Va 2009).

The undersigned acknowledges that there are instances in which a § 2241 petition clearly

---

[1] In Bivens, the Supreme Court created a counterpart to § 1983 so that individuals may bring suit against a federal actor for violating a right guaranteed by the Constitution or federal law. Because petitioner is a federal prisoner, he must therefore file a Bivens action as opposed to one under § 1983.

7

raises allegation concerning the conditions of confinement and must be dismissed without prejudice to the petitioner's right to seek relief in a 1983 or Bivens action. However, neither this Court, nor the Fourth Circuit have ever found that a challenge to an RRC placement was such a case. Moreover, as noted by the 7th Circuit, a habeas petition can be the proper route even when a prisoner is not seeking complete freedom. The question is whether the prisoner is seeking a "quantum change in the level of custody" which must be addressed by habeas corpus, or "a different program or location or environment," which raises a civil rights claim. Graham v. Broglin, 922 F.2d 379, 381 (7th Cir. 1991); see also Glaus v. Anderson, 408 F.3d 382, 387-88 (7th Cir. 2005). Clearly, the difference between a prison and a halfway house represents a "quantum change in the level of custody" under Graham because the two forms of custody are qualitatively different. Hendershot v. Sciabana, 04-C-291-C, 2004 WL 1354371 (W.D.Wis. June 10, 2004). According the undersigned concludes that this Court does have jurisdiction to entertain this habeas petition.

**B. 18 U.S.C. § 3625**

In accordance with the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 701 and 702, "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action with the meaning of a relevant statute is entitled to judicial review thereof," except to the extent that a statute precludes judicial review. In this case, the petitioner challenges the length of time the BOP has deemed appropriate for him in an RRC prior to his release. That decision is governed by 18 U.S.C. § 3624(c)(1). As previously noted, that section now provides:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that

> will afford that prisoner a reasonable opportunity to adjust to and prepare for
> the reentry of that prisoner into the community. Such conditions may include
> a community correctional facility.

Because such a determination involves a decision regarding an inmate's place of imprisonment, in making a determination under § 3624(c), the Director must necessarily consider the five factors enumerated in 18 U.S.C. § 3621(b), as outlined previously in this Report. However, pursuant to 18 U.S.C. § 3625, Congress has specifically excluded subsections 3621 and 3624 from judicial review under the APA. See Davis v. Beeler, 966 F.Supp. 483, 489 (E.D.Ky. 1997). Section 3625 states: "[t]he provisions of section 554 and 555 and 701 through 706 of title 5, United States Code, do not apply to the making of any determination, decision, or order under this subchapter." Accordingly, any substantive decision by the BOP with regard to the petitioner's eligibility for RRC placement, or the length of time in an RRC, is not reviewable by this Court. See Lyle v. Sivley, 805 F.Supp. 755, 760 (D.Ariz. 1992). However, even where judicial review under the APA is specifically excluded by statute, the court may still review whether there is clear evidence of unconstitutional conduct or evidence that the agency acted outside the scope of its authority. Webster v. Doe, 486 U.S. 592 (1988); Turner v. Safley, 482 U.S. 78, 84 (1987); Procunier v. Martinez, 416 U.S. 396, 405 (1974); Davis v. Beeler, 966 F.Supp. at 489.

It is well-established that an inmate has no constitutional right to be confined to a particular institution, Meachum v. Fano, 427 U.S. 215, 223 (1976), nor any "justifiable expectation" that he will be confined in a particular prison. Olim v. Waukinekona, 461 U.S. 238 (1983). Thus, because the petitioner has no protected liberty interest in being placed in an RRC prior to his release, and the decision whether to make such placement is clearly a matter of prison management within the

9

knowledge and expertise of BOP officials, this Court cannot intervene in that decision unless a clear constitutional violation occurred. For the reasons discussed below, the undersigned has determined that no such violation has occurred.

The petitioner argues that on November 16, 2009, his Unit team recommended RRC placement for 30-45 days based on 3 non 18 U.S.C. § 3621(b)(1)-(5) factors. Specifically, that he has (1) a place to reside; (2) employment secured; and (3) good community and family ties. However, the information provided by the respondent establishes that on April 8, 2010, the petitioner was referred for RRC placement of 90-120 days. In making this referral, the petitioner's unit manager noted that: (1) there are available community corrections in his released area; (2) the nature and circumstances of the offense are eligible for community corrections as there was no violence or other extenuating circumstances that would preclude placement; (3) the history and characteristics of the inmate are: inmate Dale's house is currently in foreclosure. It is possible that he may lose his home prior to release. His secured employment is based upon his receiving/renewing his driver's license. Inmate Dale received a 21-month sentence and has not been removed from the community for particularly length period of time, therefore, a 90-120 day placement should be an adequate amount of time for him to take full advantage of the transitional programs; (4) there was no statement on the J&C from the sentencing court in the Northern District of Ohio, regarding community corrections placement at the time of sentencing; and (5) there is no pertinent policy by the Sentencing Commission. (Doc. 31-10). Moreover, the Referral Form for RRC Placement must be read in conjunction with the March 24, 2010 Progress Report related to the petitioner. The substance of that report, coupled with staffs' ongoing knowledge of the petitioner and his case file, directly relate to factor 3 of the 5 factor review – the history and characteristics of the petitioner.

In the report, staff note that the petitioner holds a high school degree, has significant work experience, has completed a number of classes while incarcerated, and has good communications skills. (Doc. 32-4).

Accordingly, as required by the Second Chance Act, the petitioner's Unit Team made its review on an individual basis and considered the appropriate factors in recommending that he be placed in an RRC for a period of 90 to 120 days. There is no evidence that the determination was arbitrary, capricious, or an abuse of discretion. Therefore, the petitioner cannot show that BOP officials violated the Second Chance Act, and his petition should be dismissed.[2]

## VII. Miscellaneous Motions

On September 21, 2010, the petitioner filed a Motion to Supplement the Record (Doc. 21), in which he seeks leave to submit the Certificate of Complete demonstrating that he successfully completed the MFCI version of the non-residential DAP program. This motion should be granted, and the undersigned has addressed the significance of that program.

On September 21, 2010, the petitioner also filed a Motion to Waive Issue/Argument 1 of the Petition (Doc. 22). Specifically, the petitioner requests that the court allow him to waive his argument that the respondent exceeded his authority when using non-statutory factors to determine his RRC placement and the respondent's failure to consider the 5 factor review in determining the amount of time he qualifies for placement. Because the respondent addressed these issues in his

---

[2]The undersigned recognizes that the petitioner completed the non-residential Drug Addiction Program ("DAP") and argues that he is therefore "entitled" to a twelve-month placement in an RRC. While Program Statement 5330.11 indicates that each warden of an institution is strongly encouraged to approve inmates who successfully complete a non-RDAP program for the maximum period of RRC placement, it does not mandate such placement. Furthermore, the petitioner has not identified any individual, similarly, situated, who was awarded a 12 month placement, and therefore, has not raised a claim of disparate treatment.

response to the petition, and the petition in turn addressed them in his reply, the petitioner did not waive Argument 1, and this motion should be denied as moot.

On October 10, 2010, the petition filed a Motion for Summary Judgment on Writ and Admissions. (Doc. 27). As grounds for his Motion, the petitioner notes that on September 14, 2010, his Rule 36 request for admission was accepted as filed with this court and 30 days have passed without a response from the petitioner, Pursuant to Rule 36 of the Federal Rules of Civil Procedure, the petitioner argues that the admissions are deemed admitted and denied when unanswered. Accordingly, the petitioner argues that there is no genuine issue in dispute as to any material pertinent to his request for a writ, and he is entitled to relief as a matter of law. Pursuant to Rule 26(a)(1)(E)(iii), discovery is not permitted in "an action brought without counsel by a person in custody of the Untied States, a state, or a state subdivision," without the express permission of the Court. Because the Court has not granted petition permission to take discovery, his requests for admissions were premature, and the respondent had no obligation to respond. Accordingly, the petitioner's Motion for Summary Judgment should be denied.

On November 23, 2010, the petitioner filed a Notice of Defective and Deficient Service and Request for Sanctions against respondent. In support of his motion, the petitioner alleges that on November 19, 2010, he received a Motion for Extension of Time, Certificate of Service, and unsigned order granting said motion in a case captioned Harold Via v. Joel Ziegler. The petitioner appears to infer that because he received Mr. Via paperwork, that Mr. Via must have received motions or other pleadings that should have been served on him (Dale), and he was been deprived of pleadings to which he is entitled. The Court can only assume that the prison mail room inadvertently gave Mr. Via's paperwork to the petitioner because those documents are clearly styled

12

for Mr. Via's case and the Certificate of Service relates to Mr. Via. Beyond the petitioner's bald allegation, there is no proof whatsoever that the respondent failed to serve him with every pleading filed in this matter. Accordingly, this motion should be denied.

### VIII. Recommendation

Based on the foregoing, the undersigned recommends that the respondent's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (Doc. 30) be **GRANTED,** the petitioner's Motion and Memorandum in Opposition to Respondent's Motion (Doc. 40) be **DENIED** to the extent it seeks summary judgment, and the petitioner's §2241 petition be **DENIED** and **DISMISSED with prejudice**. In addition, the undersigned recommends that the petitioner's Motion to Expedite Decision (Doc. 20) be **DENIED AS MOOT**; the petitioner Motion to Supplement the Record (Doc. 21) be **GRANTED**; the petitioner's Motion to Waive Issue /Argument 1 of the Petition (Doc. 22) be **DENIED AS MOOT**; the petitioner's Motion for Summary Judgment on Writ and Admissions (Doc. 27) be **DENIED**; the petitioner's Motion Notice of Defective and Deficient Service and Request for Sanctions against Respondent (Doc. 41) be **DENIED**; the petitioner's Motion to Strike (Doc. 44) be **DENIED**; and the petitioner's Motion for Transfer to RRC (Doc. 43) and Motion to Compel Respondent to Perform his Duty (Docs. 43 and 45) be **DENIED**.

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver

of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet. The Clerk of the Court is further directed to prove a copy to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic case Filing in the United States District Court for the Northern District of West Virginia.

DATED: January 18, 2011.

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE