IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DOUGLAS DALE,

    Petitioner,

v.                                          Civil Action No. 5:10CV87
                                                                   (STAMP)

JOEL ZIEGLER, Warden,

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I. Background

On August 24, 2010, Douglas Dale filed a pro se[1] petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Southern District of West Virginia. On August 31, 2010, the case was transferred to this district.

The petitioner is serving a 21-month sentence. His projected release date is May 10, 2011. The Bureau of Prisons ("BOP") recommended placement for the petitioner in a Residential Release Center ("RRC") for the last 90-120 days of his incarceration. The petitioner filed this habeas petition, which challenges the BOP's decision to place the petitioner in an RRC for less than the maximum allowable 12 months. The petitioner contends that the respondent used non-statutory factors to determine his RRC placement and failed to consider the five statutory factors in

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

determining his RRC placement.  He also asserts that BOP's conduct in failing to recommend the full 12-month placement after the petitioner completed the non-residential Drug Addiction Program ("DAP") rises to disparate treatment of constitutional magnitude. Finally, the petitioner argues that BOP's failure to address his requests to participate in an incentive based skills development program deprived him of an opportunity to be considered for a 12-month placement in an RRC.

Pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Rule of Prisoner Litigation Procedure 2, this case was referred to United States Magistrate Judge James E. Seibert for an initial review and for a report and recommendation on disposition of this matter.  Magistrate Judge Seibert directed the respondent to file an answer to the petition.  The respondent filed a motion to dismiss, or in the alternative, motion for summary judgment.

On January 18, 2011, the magistrate judge issued a report and recommendation, recommending that the respondent's motion to dismiss, or in the alternative, motion for summary judgment be granted; the petitioner's motion and memorandum in opposition to respondent's motion be denied to the extent it seeks summary judgment; and the petitioner's § 2241 petition be denied and dismissed with prejudice.  Further, the magistrate judge recommended that the petitioner's motion to expedite decision be denied as moot; the petitioner's motion to supplement the record be granted; the petitioner's motion to waive issue/argument 1 of the

petition be denied as moot; the petitioner's motion for summary judgment on writ and admissions be denied; the petitioner's motion notice of defective and deficient service and request for sanctions against respondent be denied; the petitioner's motion to strike be denied; and the petitioner's motion for transfer to RRC and the petitioner's motion to compel respondent to perform his duty be denied.  After reviewing the applicable statute and the Second Chance Act, the magistrate judge concluded that the petitioner's Unit Team made its review on an individual basis and considered the appropriate factors in recommending that he be placed in an RRC for a period of 90-120 days.  The magistrate judge found no evidence that the decision was arbitrary, capricious, or an abuse of discretion.  The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within 14 days after being served with a copy of the magistrate judge's recommendation.

On January 25, 2011, the petitioner filed objections.  The petitioner believes that the magistrate judge was incorrect to deny habeas relief and construe the complaint as a <u>Bivens v. Six Unknown Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971) ("<u>Bivens</u>") action.  He argues that DAP graduates are strongly encouraged to receive maximum RRC placement and that failure to apply the relevant BOP program statement is contrary to the law.

3

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because the plaintiff has filed objections, this Court will undertake a de novo review as to those portions of the report and recommendation to which objections were made.

## III. Discussion

The Second Chance Act of 2007 provides that the Director of the BOP shall ensure a prisoner spends a portion of his final months of incarceration under conditions that will afford the prisoner a "reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." 18 U.S.C. § 3624(c)(1). The Second Chance Act provides that the decision to house a prisoner in a RRC shall be made on an individualized basis. Pursuant to 18 U.S.C. § 3621(b), the BOP must consider five factors when determining the period for RRC placement. The factors include the following:

(1) the resources of the facility contemplated;
(2) the nature and circumstances of the offense;
(3) the history and characteristics of the offender;

4

(4) any statement by the court that imposed the sentence --

    (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or

    (B) recommending a type of penal or correctional facility as appropriate; and

(5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

The BOP issued a memorandum on April 14, 2008 entitled "Pre-Release Residential Re-Entry Center Placements Following the Second Chance Act of 2007." This memorandum instructed that RRC placement is to be based on individualized review of each prisoner's case. It also states that should staff determine an inmate's pre-release RRC placement require more than six months, the Warden must obtain the Regional Director's written concurrence. The BOP issued another memorandum on September 3, 2008, which states that the BOP's goal is to place inmates in RRCs for the amount of time necessary to provide the greatest likelihood of successful reentry into the community. This memorandum states that an RRC placement more than six months will only be approved upon a showing of an inmate's extraordinary and compelling reentry needs. The majority view is that the BOP's "requirement of regional director approval, and the agency's stated view that many inmates can have their needs [met] through 180-day placements, do not violate the Act." Ramos v. Holt, 2010 WL 2471707, *9 (M.D. Pa. May 5, 2010); Miller v. Whitehead, 527 F.3d 752, 755-58 (8th Cir. 2008). These BOP polices

"simply reflect the [BOP's] exercise of its discretion in implementing the Act, an Act which provides that prison officials simply 'may' use community corrections facilities for up to 12 months to aid inmates in their return to society." Id. The majority view finds nothing "fundamentally offensive" about the BOP memoranda, "provided that each inmate receives the individualized consideration of this RRC placement called for by the Act." Id.

Congress has excluded 18 U.S.C. § 3621 and 18 U.S.C. § 3624 from judicial review under the APA pursuant to 18 U.S.C. § 3625. However, this Court may still review whether there is clear evidence of unconstitutional conduct or evidence that the agency acted outside the scope of its authority. Webster v. Doe, 486 U.S. 592 (1988); Turner v. Safley, 482 U.S. 78, 84 (1987); Procunier v. Martinez, 416 U.S. 396, 405 (1974). The magistrate judge correctly noted that the petitioner does not have a protected liberty interest in being placed in an RRC prior to his release. See Meachum v. Fano, 427 U.S. 215, 223 (1976) (finding that there is no constitutional right to be confined to a particular institution). Accordingly, because this decision rests with prison management, this Court cannot intervene unless BOP violated the Constitution.

In his report and recommendation, the magistrate judge found that the BOP did actually consider the five factors set forth in 18 U.S.C. § 3621(b) and that the petitioner had received all the consideration to which he is due thereunder. The referral form, read together with the progress report and other documents relating

6

to the petitioner and the staffs' ongoing knowledge of the petitioner, show that the BOP made an individualized determination. The petitioner's unit manager found that 90-120 days in an RRC would be sufficient because the petitioner received a 21-month sentence and has not been removed from the community for a lengthy period of time.  Further, the petitioner was found to have a high school degree, have significant work history, have completed a number of classes while incarcerated and have good communication skills.  The unit manager also noted that there are available community corrections in his released area and that the nature and circumstances of the offense are eligible for community corrections as there was no violence or other extenuating circumstances that would preclude placement.  He also noted that the petitioner's house is in foreclosure and he may lose his home prior to release. He further found that there was no statement on the Judgment and Commitment Order from the Northern District of Ohio regarding community corrections placement at the time of sentencing and that there is no pertinent policy by the Sentencing Commission.

As mentioned above, the petitioner objects to the report and recommendation because the petitioner believes that the magistrate judge misconstrued the complaint as a <u>Bivens</u> action.  The magistrate judge did not construe the petition as a <u>Bivens</u> action. He expressly rejected that argument by the respondent in this case. The petitioner also argues that graduates of DAP are strongly encouraged to receive maximum RRC placement and that failure to

apply the relevant BOP program statement is contrary to the law. This Court disagrees. The magistrate judge correctly noted that Program Statement 5330.11 does not mandate maximum placement. The petitioner has failed to identify any individual similarly situated who was awarded a 12-month placement. The magistrate judge correctly found that the petitioner has not raised a claim of disparate treatment. Accordingly, the petitioner's objections are overruled.

This Court has conducted a <u>de novo</u> review and concludes that the petitioner is not entitled to an order from this Court directing the BOP to transfer the petitioner to RRC placement for a longer period than has already been granted. In this case, the BOP referral form and related documents demonstrate that the petitioner's Unit Team complied with the Second Chance Act by conducting an individualized analysis of the § 3621(b) factors when determining the petitioner's length of RRC placement of between 90 and 120 days. Furthermore, the petitioner's unit manager clearly utilized the five enumerated factors in 18 U.S.C. § 3621(b) in determining the petitioner's RRC placement period. Accordingly, this Court agrees with the magistrate judge's finding that the BOP has met all of its requirements by considering the § 3621 factors in determining the petitioner's RRC placement period.

The petitioner also filed several miscellaneous motions. The petitioner filed a motion to supplement the record to add his

certificate of completion for the non-residential DAP program. This Court grants the petitioner's motion to supplement the record.

The petitioner filed a motion to waive issue/argument 1 of the petition. In this motion, the petitioner asks that his argument that the respondent exceeded his authority when using non-statutory factors to determine his RRC placement and the respondent's failure to consider the five factor review in determining the amount of time he qualifies for RRC placement. The magistrate judge correctly noted that the respondent addressed these issues and the petitioner addressed them in his reply. This motion is denied as moot.

This Court agrees with the magistrate judge that the petitioner's motion for summary judgment on writ and admissions should be denied. The petitioner stated that his Rule 36 request for admission was accepted as filed with this Court on September 14, 2010 and that thirty days passed without a response from the petitioner. Rule 26(a)(1)(E)(iii) provides that discovery is not permitted in "an action brought without counsel by a person in custody of the United States" without the express permission of the Court. The Court has not granted the petitioner permission to take discovery. The respondent had no duty to respond as the requests for admission were premature.

The petitioner filed a notice of defective and deficient service and request for sanctions against the respondent. This Court agrees with the magistrate judge that there is no proof that

9

the respondent failed to serve him with every pleading filed in this civil action.  The petitioner received some paperwork in a case captioned Harold Via v. Joel Ziegler.  Again, there is no proof that Via received any motions or pleadings that should have been served on the petitioner in this case.  This motion must be denied.

IV. Conclusion

For the reasons set forth above, this Court concludes, after a de novo review, the ruling of the magistrate judge is ADOPTED and AFFIRMED in its entirety. Accordingly, the respondent's motion to dismiss, or in the alternative, motion for summary judgment (Document No. 30) is GRANTED; the petitioner's motion and memorandum in opposition to respondent's motion (Document No. 40) is DENIED to the extent it seeks summary judgment; and the petitioner's § 2241 petition is DENIED and DISMISSED WITH PREJUDICE.  Further, the petitioner's motion to expedite decision (Document No. 20) is DENIED AS MOOT; the petitioner's motion to supplement the record (Document No. 21) is GRANTED; the petitioner's motion to waive issue/argument 1 of the petition (Document No. 22) is DENIED AS MOOT; the petitioner's motion for summary judgment on writ and admissions (Document No. 27) is DENIED; the petitioner's motion notice of defective and deficient service and request for sanctions against respondent (Document No. 41) is DENIED; the petitioner's motion to strike (Document No. 44) is DENIED; and the petitioner's motion for transfer to RRC

(Document No. 43) and the petitioner's motion to compel respondent to perform his duty (Document Nos. 43 and 45) are DENIED. It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the plaintiff choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date of the entry of the judgment order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is directed to enter judgment on this matter.

DATED: April 5, 2011

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE